IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAMIEN S. CROOKS                                                                                    PLAINTIFF

v.                                              Civil No. 4:19-cv-04062

SHERIFF JACKIE RUNYON, Miller County
Detention Center ("MCDC"); and OFFICER
SGT. BYRON GRIFFIE, MCDC                                                                    DEFENDANTS

## ORDER

Currently before the Court is Plaintiff's failure to keep the Court informed of his address. Plaintiff Damien S. Crooks filed this 42 U.S.C. § 1983 action *pro se* on June 3, 2019. (ECF No. 1). Plaintiff's motion to proceed *in forma pauperis* ("IFP") was granted that same day. (ECF No. 3). On June 24, 2019, the case was referred to the undersigned to conduct all proceedings in this case after the parties consented to jurisdiction by the Magistrate Judge. (ECF No. 13).

In the Court's order granting IFP, Plaintiff was advised he must immediately inform the Court of any change of address and if Plaintiff was transferred to another jail or prison or released, he would have 30 days from the date of transfer or release to notify the Court of his new address. (ECF No. 3). In addition, the order stated failure to inform the Court of an address change would result in the dismissal of this case. *Id.* On September 13, 2019, mail to sent to Plaintiff at his address of record was returned as undeliverable with no forwarding address. (ECF No. 15). To date, Plaintiff has not informed the Court of his current address.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk
> and the other parties to the proceedings of any change in his or her address, to

monitor the progress of the case, and to prosecute or defend the action diligently
. . . If any communication from the Court to a *pro se* plaintiff is not responded to
within thirty (30) days, the case may be dismissed without prejudice. Any party
proceeding *pro se* shall be expected to be familiar with and follow the Federal
Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his current address and failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 16th day of October 2019.

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE